UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDWARD P. RAINES, ET AL. | CIVIL ACTION NO. 19-770 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| HENRY R. GEORGE, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Now before the Court is a Motion for Partial Dismissal for failure to state a claim filed by Defendants Henry George ("George"), Richard Earl Pennington Delcore ("Declore"), and Vuelos Empresariales, Sociedad Anonima, d/b/a Vuelos Empresariales, S.A. ("Vuelos") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Record Document 28]. Plaintiffs Edward Raines ("Raines") and Pro-Star Aeronautical, Inc. ("Pro-Star") (collectively, "Plaintiffs") filed an opposition. [Record Document 31]. Defendants filed a reply. [Record Document 33]. For the reasons discussed below, the Motion for Partial Dismissal [Record Document 28] is **DENIED**.

### BACKGROUND

This case arises out of Raines's purchase of a 1975 Beechcraft Model No. B-60 aircraft. Record Document 17, ¶ 4. Plaintiffs allege that the aircraft was manufactured in Kansas and initially registered in the United States but was then deregistered, exported to Guatemala, and registered there on October 20, 1975. *Id.* at ¶ 16. Plaintiffs claim that Vuelos owned the aircraft and that at some date prior to April 20, 2017, decided to import it back to the United States and sell it there through Defendant Glenn Adams ("Adams") and his company, Defendant Royal Air, Inc. ("Royal Air"). *Id.* at ¶ 17. According to Plaintiffs, in order to import the aircraft, the Federal Aviation

1

Administration ("FAA") required that the aircraft (1) not be registered under the laws of a foreign country and (2) be owned by a citizen of the United States. *Id.*

Plaintiffs assert that Vuelos, through its president Delcore, conspired with Adams, Royal Air, and George to unlawfully circumvent the FAA's requirements by having George pretend to be the owner of the aircraft while Vuelos retained actual ownership and control. *Id.* at ¶s 18 & 19. Plaintiffs claim that when Raines purchased the aircraft, he reasonably believed that it was owned by George and that it had been lawfully imported and registered in the United States. *Id.* at ¶ 21. Plaintiffs aver that Raines would not have purchased the aircraft if he had known that it had been fraudulently registered. *Id.* In addition to the circumstances surrounding the sale of the aircraft, Plaintiffs also claim that the aircraft "was not airworthy, was not safe for flight, and was in a dangerous and unsafe condition." *Id.* at ¶ 23. Plaintiffs allege that Adams, Royal Air, Vuelos, and Delcore knew about these defects. *Id.*

Plaintiffs filed suit against Adams, Delcore, George, Vuelos, and Royal Air, asserting claims of fraud, breach of warranty against redhibitory defects, breach of contract, breach of implied warranty of fitness for ordinary use, negligent misrepresentation, and unfair trade practices under Louisiana law. Record Document 1, ¶s 36–60. Raines filed an amended complaint in order to provide more information about the citizenship of the Defendants [Record Document 6], and then filed a second amended complaint adding Pro-Star Aeronautical ("Pro-Star") as a Plaintiff and American Woodcraft, L.L.C. ("Woodcraft") as a Defendant for reasons unrelated to the instant motion.[1] Record Document 17, p. 1. The causes of action remained the same. Record Document 17, ¶s 47–73.

---

[1] The complaint states that Raines, incident to taking delivery of the aircraft in this case, executed a bill of sale in favor of Woodcraft for another aircraft, a Beechcraft B-60 with FAA Registration N711AA, even though the Bill of Sale should have been executed by Pro-Star because Pro-Star was

2

Plaintiffs request relief in the form of (1) rescission of the contract to purchase the aircraft; (2) return of the purchase price plus interest; (3) restoration to Pro-Star of the right, title and interest to another aircraft with FAA registration N711AA; (4) any expenses associated with Raines's acquisition of the aircraft and attempts to ascertain its deficiencies; (5) all litigation fees and expert witness fees; (6) a decree requiring Woodcraft to execute and file with the FFA a Release of Lien to extinguish its mechanic's lien; (7) an order requiring all parties to execute and record with the FAA "any and all documents and forms as may be required to effect any order, decree or ruling"; and (8) any additional and further relief as the Court deems proper. *Id.* at 34–35.

## **LEGAL STANDARD**

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court must accept as true all of the factual allegations in the complaint in determining whether plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed

---

the registered owner of the N711AA. Record Document 17, ¶ 32. Plaintiffs also allege that Adams employed and controlled Woodcraft as his instrumentality and alter ego for ownership and operation of the N711AA. *Id.* at ¶ 33. Plaintiffs further claim that Woodcraft is a home renovation company and falsely represented to the FAA that that it performed aircraft maintenance on the N711AA and filed a mechanic's lien against Pro-Star based on the alleged maintenance. *Id.* at ¶s 34–36. Although Plaintiffs' allegations against Woodcraft are not a model of clarity, it is apparent that they do not impact the instant motion.

for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## LAW & ANALYSIS

### A. Arguments of the Parties

Defendants contend that the complaint relies on provisions of the Federal Aviation Act, 49 U.S.C. § 40101, *et seq.* ("the Act"). Record Document 28-1, p. 1. According to Defendants, the Act does not contain a private right of action for the relief Plaintiffs seek and therefore any of their claims based on the Act should be dismissed pursuant to Rule 12(b)(6). *Id.* Defendants claim that by citing the Act in their complaint, Plaintiffs "seek to couple alleged federal violations to their state law violation allegations." *Id.* at 4.

In response, Plaintiffs agree that the Act does not contain a private right of action, but argue that they have not asserted claims under the Act. Record Document 31, pp. 2–3. Plaintiffs assert that Defendants' violations of the Act "provide necessary context" for their claims, particularly with respect to fraud, and demonstrate Defendants' negligence. *Id.* at 3 & 7. Defendants respond by reiterating that Plaintiffs are seeking a finding that Defendants violated the Act, a form of relief the Court cannot grant, and that the Court should "dismiss any claims related to the Federal Aviation Act (and any regulations, rules or forms stemming therefrom)." Record Document 33, pp. 2–3.

### B. Applicable Law

First, the Court affirms that the Act does not provide a private right of action. *Drake v. Lab. Corp. of Am. Holdings*, 458 F.3d 48, 57 (2d Cir. 2006) ("The remedies provided by the Act do not

include a private right of action for violations of FAA regulations."). Second, the Court observes that Plaintiffs do not explicitly set forth a cause of action or request for relief under the Act. *See* Record Document 17, ¶s 47–73; pp. 34–35. However, the complaint does contain several assertions that Defendants violated the Act or related federal aviation regulations. For example, Plaintiffs allege that Delcore, acting on behalf of Vuelos, flew the aircraft to Shreveport, Louisiana, with the intention of importing it for sale in the United States, in violation of the requirement found in 49 U.S.C. § 44102(a)(1)(A) that the aircraft could not be registered under the laws of a foreign country and was required to be owned by a citizen of the United States. *Id.* at ¶ 20(a). Plaintiffs also assert that George executed an Aircraft Registration Application certifying that he was the owner of the aircraft, despite knowing that Delcore and Vuelos were to remain the real and true owners, in violation of 49 U.S.C. § 46306(b)(4), which forbids seeking the registration of an aircraft by "willfully falsifying or concealing a material fact." *Id.* at ¶s 18 & 20(c).

Plaintiffs contend that "the FAA regulations cited in the [c]omplaint provide necessary context" to their claims and do not set forth a cause of action under the Act. Record Document 31, p. 3. In support of this point, Plaintiffs cite *Broussard v. LCS Correction Services, Inc.*, No. 6:10-cv-0155, 2010 WL 2710642, at *1 (W.D. La. July 6, 2010), in which a small airplane crashed into a mobile home occupied by Lucien Broussard ("Broussard") and caused his death. Broussard's children filed suit against the owner of the airplane and the pilot, alleging negligence and claiming that the accident was caused by violations of "various federal regulations governing aviation." *Id.* at *1. Defendants removed the action to federal court, arguing that the case presented a federal question as to whether federal aviation regulations were violated. *Id.* The plaintiffs filed a motion to remand, arguing that the alleged violations of federal statutes would prove the defendants' negligence but could not provide a basis for federal jurisdiction because the federal aviation statutes

5

did not provide a private federal remedy. *Id.* at *2. The court remanded the case to state court, holding that federal question jurisdiction did not exist because the violations of federal law were "alleged merely to demonstrate negligence." *Id.* at *3, *6.

In reaching this conclusion, the court reviewed several other federal cases involving alleged violations of FAA regulations. *Id.* at *4–*6. In *Bennett v. Southwest Airlines, Co.*, the plaintiffs filed tort suits in state courts following an airplane crash. 484 F.3d 907, 908 (7th Cir. 2007). Defendants removed the cases to federal court, claiming that "all suits about commercial air travel belong in federal court because the national government is the principal source of rules about safe air transportation." The Seventh Circuit remanded the case to state court, holding that merely because "some standards of care used in tort litigation come from federal law does not make the tort claim one arising under federal law." *Id.* at 912 (internal quotations omitted). A similar conclusion was reached by the court in *McCarty v. Precision Airmotive Corp.*, in which plaintiffs brought wrongful death and survival actions in state court following a fatal plane crash. No. 8:06-cv-1391-T-26TBM, 2006 WL 2644921, at *1 (M.D. Fla. Sept. 14, 2006). The defendants removed the case to federal court and the plaintiffs filed a motion to remand, arguing that state law tort claims in aviation accidents do not trigger federal question jurisdiction. *Id.* The court granted the motion for remand, stating that "[t]he fact that FAA rules and regulations may be relevant to defining the duty of care in a negligence case . . . does not elevate a typical state-law tort claim to one requiring resolution in a federal forum." *Id.*

C. **Analysis**

Although neither party in the instant case is arguing that this case should be heard in state court, the above case law establishes that a complaint referring to a defendant's violation of federal aviation statutes and regulations does not automatically constitute a cause of action under those

federal statutes. *See Broussard*, 2010 WL 2710642, at *1. As discussed previously, Plaintiffs' complaint make several allegations that Defendants violated the Act. Defendants appear to contend that the absence of a private right of action for violations of the Act completely bars any plaintiff from referencing those statutes in a complaint. *See* Record Document 33, pp. 2–3. However, this assertion is plainly contradicted by Plaintiffs' cited case law and Defendants have provided no legal authority in support of their argument.

Despite Defendants' assertions to the contrary, the complaint does not invite the Court to "use alleged violations of registration provisions of the Act to impose liability under the act." Record Document 33, p. 2. Plaintiffs do not list a violation of the Act as a cause of action, nor do they ask the Court to make a finding that the Act was violated. *See* Record Document 17. As in *Broussard*, the violations of federal law here are alleged to in order to demonstrate Defendants' liability for Plaintiffs' claims under state law. Accordingly, Defendants' Partial Motion to Dismiss [Record Document 28] is **DENIED**.

## CONCLUSION

For the reasons discussed above, the Partial Motion to Dismiss [Record Document 28] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 12th day of June, 2020.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE